UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIZABETH CHALKER, individually,
and on behalf of all others similarly
situated who consent to their inclusion in a
collective action,

        Plaintiff,

v.   Case No. 8:12-cv-02755-23TBM

BURLINGTON COAT FACTORY OF
FLORIDA, LLC and BURLINGTON
COAT FACTORY WAREHOUSE
CORPORATION, d/b/a BURLINGTON
COAT FACTORY,

        Defendants.
_____/

### DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, Burlington Coat Factory Warehouse Corporation and Burlington Coat Factory of Florida, LLC (collectively "Defendants"), through their counsel, Fisher & Phillips LLP, file their Answer and Defenses to Plaintiff's Complaint, as follows:

PRELIMINARY STATEMENT

1.    In response to paragraph 1 of the Complaint, Defendants admit that Plaintiff brings this action for violation of federal wage and hour laws by and on behalf of all similarly situated current and former employees of Defendants. Defendants, however, deny that they have violated any federal wage and hour laws, and further deny that Plaintiff has properly brought this action.

2. Defendants deny the allegations in paragraph 2 of the Complaint.

3. Defendants deny the allegations in paragraph 3 of the Complaint.

4. Defendants deny the allegations in paragraph 4 of the Complaint.

5. In response to paragraph 5 of the Complaint, Defendants assert that this paragraph fails to set forth any statements of fact or law to either admit or deny; therefore, no response is required. Accordingly, Defendants neither admit nor deny Plaintiff's assertions.

6. In response to paragraph 6 of the Complaint, Defendants assert that this paragraph fails to set forth any statements of fact or law to either admit or deny; therefore, no response is required. Accordingly, Defendants neither admit nor deny Plaintiff's assertions.

7. In response to paragraph 7 of the Complaint, Defendants assert that this paragraph fails to set forth any statements of fact or law to either admit or deny; therefore, no response is required. Accordingly, Defendants neither admit nor deny Plaintiff's assertions.

JURISDICTION AND VENUE

8. In response to paragraph 8 of the Complaint, Defendants admit that Plaintiff is asserting jurisdiction under the cited provisions of the United States Code and that the Court has jurisdiction over claims brought under the Fair Labor Standards Act ("FLSA"). Defendants deny all remaining allegations in this paragraph.

9. In response to paragraph 9 of the Complaint, for purposes of this matter only, Defendants admit that the Court has personal jurisdiction. Defendants deny all remaining allegations in this paragraph.

10. In response to paragraph 10 of the Complaint, for purposes of this matter only, Defendants admit that venue is proper in this division. Defendants deny all remaining allegations in this paragraph.

## THE PARTIES

11. In response to paragraph 11 of the Complaint, Defendants are without sufficient knowledge or information at this time to form a belief as to the truth of the allegations regarding Plaintiff's place of residence, and, as such, deny said allegation. Defendants admit that Plaintiff was employed by Burlington Coat Factory of Florida, LLC at its retail store located at 3950 S. Dale Mabry Hwy., Tampa, Florida 33611, and that during part of her employment Plaintiff worked as a Loss Prevention Associate. Defendants deny all remaining allegations in this paragraph.

12. In response to paragraph 12 of the Complaint, Defendants admit that Burlington Coat Factory of Florida, LLC is a Florida Limited Liability Company, with its principal place of business located at 1830 Route 130, Burlington, New Jersey 08016. Defendants further admit that Burlington Coat Factory of Florida, LLC's registered agent for service of process in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. Defendants deny all remaining allegations in this paragraph.

13. Defendants deny the allegations in paragraph 13 of the Complaint.

## NATURE OF THE ACTION AND THE NATIONAL CLASS
## OF LOSS PREVENTION ASSOCIATES

14. Defendants deny the allegations in paragraph 14 of the Complaint.

15. In response to paragraph 15 of the Complaint, Defendants assert that the term "single and uniform business enterprise" is vague and undefined, and, therefore, Defendants deny all allegations in this paragraph.

16. In response to paragraph 16 of the Complaint, Defendants admit that Plaintiff brings this suit on behalf of a collective class of alleged similarly situated persons. Defendants, however, deny that collective certification is appropriate, and further deny that the putative class definition is appropriate. Defendants deny all remaining allegations in this paragraph.

17. In response to paragraph 17 of the Complaint, Defendants are without sufficient knowledge or information at this time to form a belief as to the truth of the allegations regarding Plaintiff's beliefs and/or consent, and, as such, deny said allegations.

18. Defendants deny the allegations in paragraph 18 of the Complaint.

19. In response to paragraph 19 of the Complaint, Defendants admit that "Plaintiff alleges for herself, and on behalf of the class who elect to opt-in to this action, that she is entitled to unpaid wages from Defendants for overtime work for which she did not receive overtime pay, at a rate of time and one-half of her regular rate of pay, as required by law." Defendants, however, deny that Plaintiff or any other individual performed overtime work for which they did not receive overtime pay as required by law.

## FACTUAL BACKGROUND

20.     In response to paragraph 20 of the Complaint, Defendants admit that there are approximately 29 Florida stores and approximately 495 stores in the United States and Puerto Rico.  Defendants deny all remaining allegations in this paragraph.

21.     Defendants deny the allegations in paragraph 21 of the Complaint.

22.     Defendants deny the allegations in paragraph 22 of the Complaint.

23.     In response to paragraph 23 of the Complaint, Defendants admit that the stores are normally operated by a Store Manager who normally reports to the RVP for the region.  Defendants deny all remaining allegations in this paragraph.

24.     In response to paragraph 24 of the Complaint, Defendants admit that Burlington Coat Factory of Florida, LLC engages in commerce within the meaning of the FLSA and that the FLSA's overtime provisions apply to Burlington Coat Factory of Florida, LLC.  Defendants deny all remaining allegations in this paragraph.

25.     Defendants admit the allegations in paragraph 25 of the Complaint.

26.     Defendants admit the allegations in paragraph 26 of the Complaint.

27.     Defendants admit the allegations in paragraph 27 of the Complaint.

28.     In response to paragraph 28 of the Complaint, Defendants are without knowledge of the "sample" to which Plaintiff refers, and, therefore, Defendants deny all allegations in this paragraph.

29.     In response to paragraph 29 of the Complaint, Defendants admit that open positions are normally listed on the Careerworks site and that the job description for the

<215>

Loss Prevention Associate is the same nationwide. Defendants deny all remaining allegations in this paragraph.

30. In response to paragraph 30 of the Complaint, Defendants admit the allegations of this paragraph solely with respect to Plaintiff. Defendants are without knowledge of the unidentified individuals who are alleged to be "similarly situated," and, therefore, Defendants deny all remaining allegations in this paragraph.

31. In response to paragraph 31 of the Complaint, Defendants admit that Plaintiff was employed by Burlington Coat Factory of Florida, LLC and as a Loss Prevention Associate was entitled to be paid one and one-half times her hourly rate for all hours worked in excess of forty hours in her workweek. Defendants deny all remaining allegations in this paragraph with respect to Plaintiff. Defendants are without knowledge of the unidentified individuals who are alleged to be "similarly situated," and, therefore, Defendants deny all remaining allegations in this paragraph.

32. Defendants deny the allegations in paragraph 32 of the Complaint.

33. In response to paragraph 33 of the Complaint, Defendants admit that Plaintiff's description of part of her job duties as a Loss Prevention Associate is generally accurate.

34. In response to paragraph 34 of the Complaint, Defendants admit that Plaintiff did not have the ability to supervise, hire, or fire other employees. Defendants deny all remaining allegations in this paragraph.

35. In response to paragraph 35 of the Complaint, Defendants admit that Plaintiff had no authority to make independent decisions on matters that affected

6

Burlington Coat Factory of Florida, LLC's business as a whole or any significant part of the business. Defendants deny all remaining allegations in this paragraph.

36. Defendants admit the allegations in paragraph 36 of the Complaint.

37. Defendants admit the allegations in paragraph 37 of the Complaint.

38. In response to paragraph 38 of the Complaint, Defendants admit that Plaintiff did not have the authority to decide whether or not an employee should be disciplined for an infraction or what the discipline would be. Defendants deny all remaining allegations in this paragraph.

39. Defendants deny the allegations in paragraph 39 of the Complaint.

40. Defendants deny the allegations in paragraph 40 of the Complaint.

41. Defendants deny the allegations in paragraph 41 of the Complaint.

42. Defendants deny the allegations in paragraph 42 of the Complaint.

43. Defendants deny the allegations in paragraph 43 of the Complaint.

44. Defendants deny the allegations in paragraph 44 of the Complaint.

45. Defendants deny the allegations in paragraph 45 of the Complaint.

46. Defendants deny the allegations in paragraph 46 of the Complaint.

47. Defendants deny the allegations in paragraph 47 of the Complaint.

COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

48. In response to paragraph 48 of the Complaint, Defendants admit that Plaintiff brings this suit under the FLSA on behalf of herself and a collective class of alleged similarly situated persons. Defendants, however, deny that collective

certification is appropriate, and further deny that the putative class definition is appropriate. Defendants deny all remaining allegations in this paragraph.

49. In response to paragraph 49 of the Complaint, Defendants admit that there are approximately 29 Florida stores and approximately 495 stores in the United States and Puerto Rico. Defendants deny all remaining allegations in this paragraph.

50. Defendants deny the allegations in paragraph 50 of the Complaint.

51. Defendants deny the allegations in paragraph 51 of the Complaint.

52. In response to paragraph 52 of the Complaint, Defendants admit that the stores are normally operated by a Store Manager who normally reports to the RVP for the region. Defendants deny all remaining allegations in this paragraph.

53. Defendants deny the allegations in paragraph 53 of the Complaint.

54. Defendants deny the allegations in paragraph 54 of the Complaint.

55. Defendants deny the allegations in paragraph 55 of the Complaint.

56. Defendants deny the allegations in paragraph 56 of the Complaint.

57. Defendants deny the allegations in paragraph 57 of the Complaint.

58. Defendants deny the allegations in paragraph 58 of the Complaint.

59. Defendants deny the allegations in paragraph 59 of the Complaint.

60. Defendants deny the allegations in paragraph 60 of the Complaint.

Orlando 116634.1

## COUNT I
### Failure to Pay Overtime Compensation in Violation of the FLSA
### 29 U.S.C. § 201, *et seq.*

61. In response to paragraph 61 of the Complaint, Defendants incorporate by reference each and every response to paragraphs 11 through 60 of the Complaint as if fully set forth herein.

62. Defendants admit the allegations in paragraph 62 of the Complaint.

63. Defendants deny the allegations in paragraph 63 of the Complaint.

64. Defendants deny the allegations in paragraph 64 of the Complaint.

65. Defendants deny the allegations in paragraph 65 of the Complaint.

66. Defendants deny the allegations in paragraph 66 of the Complaint.

67. Defendants deny the allegations in paragraph 67 of the Complaint.

68. Defendants deny the allegations in paragraph 68 of the Complaint.

69. In response to the unnumbered "WHEREFORE" paragraph following paragraph 68 of the Complaint, Defendants deny that Plaintiff and/or other past and present Loss Prevention Associates are entitled to any of the relief requested therein.

## COUNT II
### Failure to Pay Minimum Wage Due in Violation of the FLSA
### 29 U.S.C. § 201, *et seq.*

70. In response to paragraph 69 of the Complaint, Defendants incorporate by reference each and every response to paragraphs 11 through 60 of the Complaint as if fully set forth herein.

Orlando 116634.1

71.     In response to paragraph 70 of the Complaint, Defendants admit that Burlington Coat Factory of Florida, LLC is an employer engaged in commerce within the meaning of the FLSA. Defendants deny all remaining allegations in this paragraph.

72.     In response to paragraph 71 of the Complaint, Defendants admit that Plaintiff was employed by Burlington Coat Factory of Florida, LLC. Defendants are without knowledge of the unidentified individuals who are alleged to be "similarly situated," and, therefore, Defendants deny all remaining allegations in this paragraph.

73.     Defendants deny the allegations in paragraph 72 of the Complaint.

74.     Defendants deny the allegations in paragraph 73 of the Complaint.

75.     Defendants deny the allegations in paragraph 74 of the Complaint.

76.     Defendants deny the allegations in paragraph 75 of the Complaint.

77.     Defendants deny the allegations in paragraph 76 of the Complaint.

78.     Defendants deny the allegations in paragraph 77 of the Complaint.

79.     Defendants deny the allegations in paragraph 78 of the Complaint.

80.     In response to the unnumbered "WHEREFORE" paragraph following paragraph 78 of the Complaint, Defendants deny that Plaintiff and/or other past and present Loss Prevention Associates are entitled to any of the relief requested therein.

## COUNT III
## DECLARATORY RELIEF

81.     In response to the second paragraph 72 of the Complaint, Defendants incorporate by reference each and every response to paragraphs 11 through 60 of the Complaint as if fully set forth herein.

82. In response to the second paragraph 73 of the Complaint, Defendants admit that the Court has jurisdiction over claims brought under the FLSA.

83. In response to the second paragraph 74 of the Complaint, Defendants admit that the Court has jurisdiction over claims brought under the Declaratory Judgment Act.

84. Defendants deny the allegations in the second paragraph 75 of the Complaint.

85. In response to the second paragraph 76 of the Complaint, Defendants admit that Burlington Coat Factory of Florida, LLC is an employer within the meaning of the FLSA. Defendants deny all remaining allegations in this paragraph.

86. In response to the second paragraph 77 of the Complaint, Defendants admit that Burlington Coat Factory of Florida, LLC is an enterprise covered by the FLSA. Defendants deny all remaining allegations in this paragraph.

87. In response to the second paragraph 78 of the Complaint, Defendants admit that Plaintiff was individually covered by the FLSA. Defendants are without knowledge of the unidentified individuals who are alleged to be "similarly situated," and, therefore, Defendants deny all remaining allegations in this paragraph.

88. Defendants deny the allegations in paragraph 79 of the Complaint.

89. In response to paragraph 80 of the Complaint, Defendants admit that Plaintiff was entitled to minimum wages and overtime under the FLSA. Defendants are without knowledge of the unidentified individuals who are alleged to be "similarly situated," and, therefore, Defendants deny all remaining allegations in this paragraph.

90. In response to paragraph 81 of the Complaint, Defendants assert that Plaintiff was paid all minimum wages and overtime she was entitled to under the FLSA, and, therefore, deny all allegations with respect to Plaintiff. Defendants are without knowledge of the unidentified individuals who are alleged to be "similarly situated," and, therefore, Defendants deny all remaining allegations in this paragraph.

91. Defendants deny the allegations in paragraph 82 of the Complaint.

92. Defendants deny the allegations in paragraph 83 of the Complaint.

93. Defendants deny the allegations in paragraph 84 of the Complaint.

94. Defendants deny the allegations in paragraph 85 of the Complaint.

95. Defendants admit the allegations in paragraph 86 of the Complaint.

96. In response to the unnumbered "WHEREFORE" paragraph following paragraph 86 of the Complaint, Defendants deny that Plaintiff and/or other past and present Loss Prevention Associates are entitled to any of the relief requested therein.

97. In response to the unnumbered "DEMAND FOR TRIAL BY JURY" clause of the Complaint, Defendants deny that Plaintiff is entitled to a trial by jury as to each of her claims.

98. Defendants deny all allegations not specifically admitted herein.

**DEFENSES**

Without conceding that Defendants bear the burden of proof as to any issue, Defendants assert the following defenses to the Complaint:

1.   The Complaint fails to state facts sufficient to state a claim upon which relief may be granted in that it does not allege dates and periods worked and amounts of compensation owed.

2.   Plaintiff's and/or the members of the purported Asserted Class' claims are barred by payment in that they have already received all of the compensation to which they were entitled under the FLSA.

3.   To the extent Plaintiff and/or any members of the purported Asserted Class are seeking any recovery for any period beyond the applicable statute of limitations under 29 U.S.C. § 225(a), the Court has no jurisdiction over such claims.

4.   Without admitting that any violations of the FLSA have occurred, any act or omission by the Defendants with respect to the matters at issue herein was in good faith and in compliance with all applicable statutes and regulations, and Defendants had reasonable grounds to believe that their acts or omissions did not violate the FLSA.

5.   Defendants are immune from liability under the FLSA in accordance with 29 U.S.C. §259, because all acts or omissions of which Plaintiff and/or members of the purported Asserted Class complain under the FLSA were in good faith, in conformity with and in reliance upon established legal precedents, administrative regulations, orders, rulings, interpretations, and administrative practices or enforcement policies of the Wage and Hour Division of the U.S. Department of Labor.

6. Without admitting any violations of the FLSA have occurred, Plaintiff and/or members of the purported Asserted Class are estopped from bringing a cause of action under the FLSA to the extent that they, among other things, under-reported hours actually worked, accepted the denominated rate of pay, or failed to comply with the prevailing terms, conditions, policies, and procedures governing her/their employment, including the policies, and procedures governing overtime and the accurate reporting of all hours worked.

7. Without admitting that any violations of the FLSA have occurred, the de minimis rule applies to any such violations.

8. Without admitting that any violations of the FLSA have occurred, the Defendants are not liable as they exercised reasonable care to prevent and correct promptly any alleged violation. Plaintiff and/or members of the purported Asserted Class failed to take advantage of such protective measures by, among other things, failing to notify management of any alleged violations of the FLSA.

9. If Plaintiff and/or members of the purported Asserted Class worked more than forty hours in a work week without overtime pay, which Defendants deny, then such hours in excess of forty worked by Plaintiff and/or members of the purported Asserted Class were without notice to Defendants, were a violation of Defendants' policies, and were without knowledge and sufferance of Defendants.

10. Plaintiff has failed to state a claim under which relief can be granted under the minimum wage provisions of the FLSA as Plaintiff and/or the members of the

14

purported Asserted Class were paid more than the applicable minimum wage for each hour they purportedly worked.

11. No conduct by or attributable to Defendants was the cause in fact or legal cause of the damages, if any, suffered by Plaintiff or any members of the purported Asserted Class.

12. Defendants did not engage in a violation of the FLSA, either willful or otherwise.

13. Plaintiff has failed to state facts sufficient to support an award of liquidated damages against Defendants.

14. Without admitting that any violations of the FLSA have occurred, if Defendants engaged in any act or omission which violated the FLSA with respect to Plaintiff and/or members of the purported Asserted Class, which Defendants deny, such act or omission was in good faith and was based upon reasonable grounds for believing that Defendants were not violating the FLSA. Therefore, in accordance with 29 U.S.C. § 260, Plaintiff and/or members of the purported Asserted Class are not entitled to liquidated damages.

15. Plaintiff's and/or members of the purported Asserted Class' claims are barred by the provisions of 29 U.S.C. § 254 as to all hours during which they were engaged (i) in walking, riding, or traveling to and from the actual place(s) they performed the principal activities they were employed to perform, or (ii) in activities which were preliminary or postliminary to their principal activities.

16. Plaintiff cannot satisfy the requirements for a collective action.

17. If any damages have been sustained by Plaintiff and/or members of the purported Asserted Class, although such is not admitted and is specifically denied, Defendants are entitled to offset all time Defendants voluntarily paid for time not worked by Plaintiff and/or the purported Asserted Class against any overtime liability.

18. The Complaint is barred to the extent that Plaintiff lacks standing to raise some or all of the claims of the alleged classes of persons whom Plaintiff purports to represent.

19. Plaintiff and/or the purported Asserted Class are not legally entitled to an award of pre-judgment interest. Alternatively, Plaintiff and/or the purported Asserted Class are not legally entitled to both an award of interest and liquidated damages.

20. Plaintiff has failed to satisfy the requirements for an award of declaratory relief against Defendants.

21. Defendants reserve the right to assert further defenses as they become evident through discovery or investigation.

## **PRAYER FOR RELIEF**

Defendants pray that the Court grant the following relief:

1. That the Complaint be dismissed with prejudice and that Plaintiff take nothing thereby;

2. That a collective class not be certified;

3. That judgment be entered in favor of Defendants on all claims for relief;

4. That Defendants be awarded their attorneys' fees and costs of suit; and

5. For such other and further relief as this Court may deem proper.

16

s/ Jeffrey E. Mandel
Jeffrey E. Mandel
Florida Bar No. 613126
FISHER & PHILLIPS LLP
200 South Orange Avenue, Suite 1100
Orlando, Florida 32801
Telephone: (407) 541-0888
Facsimile: (407) 541-0887
Email: jmandel@laborlawyers.com

s/ Jason M. Leo
Jason M. Leo, Esq.
Florida Bar No.: 0059767
FISHER & PHILLIPS LLP
2300 SunTrust Financial Centre
401 E. Jackson Street
Tampa, Florida 33602
Telephone: (813) 769-7500
Facsimile: (813) 769-7501
Email: jleo@laborlawyers.com

Counsel for Defendants

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of January, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to Counsel for Plaintiff Mitchell L. Feldman, Esquire, FELDMAN MORGADO, P.A., 501 North Rea Street, Tampa, Florida 33609.

s/ Jeffrey E. Mandel
Jeffrey E. Mandel