UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIZABETH CHALKER,

    Plaintiff,

v.                                               CASE NO.: 8:12-cv-2755-T-23TBM

BURLINGTON COAT
FACTORY OF FLORIDA, LLC, et al.,

    Defendants.
_____/

**ORDER**

The plaintiff sues Burlington Coat Factory (Doc. 1) and alleges violations of the Fair Labor Standards Act. The plaintiff alleges that Burlington Coat Factory forced her and other Loss Prevention Associates to work overtime, "off-the-clock," and without compensation. The plaintiff moved (Doc. 52) for conditional certification of a class, but a November 7, 2013, order (Doc. 92) denies the motion. The defendants move (Doc. 94) to "dismiss, or in the alternative, transfer opt-in plaintiffs' claims."

Citing *Hipp v. Liberty National Life Insurance Co.*, 252 F.3d 1208, 1214-15 (11th Cir. 2001), the defendant states, "[W]here *decertification* of a conditionally certified class is granted in an action under the FLSA, the opt-in plaintiffs are dismissed

without prejudice and the named plaintiffs proceed to trial."[1] (Doc. 94 at 7) (emphasis added) With no conditionally certified class to decertify, the November 7, 2013, order denies (without prejudice) a motion to conditionally certify a class. The defendants also cite three cases from the Fifth Circuit, but as *Bamgbose v. Delta-T Group., Inc.*, 724 F. Supp. 2d 510, 514 (E.D. Pa. 2010) (McLaughlin, J.) (citations omitted) holds:

> [T]he defendant[s] do[] not cite to, and the Court could not find, any authority that requires the Court to dismiss the opt-ins upon the denial of certification without prejudice. Courts that dismiss opt-ins do so after granting a motion for decertification, when an action becomes a single plaintiff lawsuit. Other courts dismiss opt-ins upon denying conditional certification with prejudice. Neither situation applies to the present matter . . . .

Accordingly, a dismissal of the opt-in plaintiffs is premature. *See Gomez v. United Forming, Inc.*, 2009 WL 3367165 (M.D. Fla. Oct. 15, 2009) (Presnell, J.) (denying conditional certification without dismissing the opt-in plaintiffs).

The defendants' motion (Doc. 94) is **DENIED**. No later than **DECEMBER 18, 2013**, the plaintiff may file another motion for conditional

---

[1] Hipp, 252 F.3d at 1218 (emphasis added), holds, "If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice."

certification.[2] If the plaintiff fails to move for conditional certification, the defendants may move for dismissal.[3]

ORDERED in Tampa, Florida, on December 11, 2013.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] Because discovery is nearly complete, if the plaintiff moves for conditional certification, a more stringent standard – one akin to the standard applied at the decertification stage – might apply. *See Nieddu v. Lifetime Fitness, Inc.*, 2013 WL 5530809 (S.D. Tex. Sept. 30, 2013) (collecting cases and stating, "A number of courts have held that if substantial discovery occurs before the first, conditional certification stage, the court may bypass the first stage and proceed directly to the second stage of certification analysis." (internal quotation marks omitted)); *Clay v. Huntington Ingalls, Inc.*, No. 09–7625, Doc. 109, at 12 (E.D. La., Sept. 29, 2011) (Zainey, J.) (determining that a "more demanding analysis of the certification issue is appropriate in light of the substantial discovery"); *see also Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (explaining that a "fairly lenient standard" applies at the conditional certification stage because "the court has minimal evidence" and that a more stringent standard applies at decertification because "discovery is largely complete and . . . the court has much more information on which to base its decision").

[3] Because the defendants' motion to dismiss is premature (by a mere week) and denied without prejudice and because the defendants move in the alternative for transfer or for severance, this order need not address the alternative requests.